14-3533-cv
*Truman Capital Advisors LP v. Nationstar Mortgage, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fifteen.

PRESENT:

      CHESTER J. STRAUB
      ROBERT D. SACK,
      CHRISTOPHER F. DRONEY,
            *Circuit Judges*,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TRUMAN CAPITAL ADVISORS LP, US BANK, N.A., solely as Legal Title Trustee for the Truman 2012 SC2 Title Trust, and as Participation Agent for the Truman 2012 SC2 Title Trust, TRUMAN 2012 SC2 TITLE TRUST

          *Plaintiffs-Appellants*,

      v.                            No. 14-3533-cv

NATIONSTAR MORTGAGE, LLC,

          *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:    ROBERT D. PILIERO
                                    Piliero & Associates, PLLC, New York, NY

FOR DEFENDANT-APPELLEE: ROSS MORRISON (Matthew Previn, *of counsel*), BuckleySandler LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Truman Capital Advisors LP ("TCA") is an investment manager for institutional investors. Defendant-Appellee Nationstar Mortgage, LLC ("Nationstar") is a mortgage servicing company that holds about $100 billion in non-performing mortgages. TCA sued Nationstar, alleging breach of contract and promissory estoppel after TCA participated in an auction conducted by Auction.com to purchase a number of Nationstar's non-performing residential mortgage loan notes. TCA alleged that it was declared the "Winning Bidder" by Auction.com, but that Nationstar subsequently refused to consummate the sale. Nationstar moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing there was no contract between Nationstar and TCA. The district court granted Nationstar's motion to dismiss, concluding that Nationstar was under no obligation to sell according to the terms of the auction ("Auction Terms") and thus, no contract had been formed between the parties. The district court also dismissed TCA's alternative promissory estoppel claim. We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm.

"We review *de novo* a district court's order granting a motion to dismiss under Rule 12(b)(6), 'accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party.'" *Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014) (quoting *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011)). The complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

According to the complaint, TCA bid on two pools of mortgage loans notes on Auction.com. TCA alleges that on or about February 21, 2013, "[a]t the conclusion of the [first] auction, Auction.com confirmed in writing that TCA was the winning bidder." J.A. 22. TCA also alleges that on or about March 6, 2013, "Auction.com confirmed in writing that TCA was the winning bidder" in the second auction of mortgage loan notes.

J.A. 23. TCA alleges that on March 15, 2013, Auction.com notified TCA that Nationstar would not proceed with the sale.

It is undisputed that TCA and Nationstar never entered into a final agreement to sell as required by the Auction Terms ("Loan Sale Agreement"). TCA did not allege in its complaint that Auction.com or Nationstar ever sent a Loan Sale Agreement, which under the Auction Terms is to "contain the exact terms and conditions of the sale." J.A. 29, § 3 ¶ 3. Therefore, we only look to the Auction Terms to determine whether a contract was formed between TCA and Nationstar that obligated Nationstar to complete the sale. *See Waller v. Trucks Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995) ("The rules governing [contract] interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it."). The Auction Terms explicitly state that "[n]o obligation to sell shall be binding on Seller unless and until a written contract of sale or loan sale agreement is signed and delivered by Seller." J.A. 32, § 6 ¶ 3. Under this provision, even after Auction.com declared TCA the "Winning Bidder," Nationstar did not have an obligation to sell the mortgage loan notes until a Loan Sale Agreement was executed. We conclude that because there was no final contract between Nationstar and TCA that compelled Nationstar to complete the sale of the mortgage loan notes, the district court properly dismissed TCA's complaint for failure to state a claim for breach of contract.

Finally, TCA's argument that promissory estoppel precludes Nationstar from refusing to complete the sale also fails. Under California law a claim for promissory estoppel requires "1) a promise clear and unambiguous in its terms, 2) reliance by the party to whom the promise is made, 3) [the] reliance must be both reasonable and foreseeable; and 4) the party asserting estoppel must have been injured by his reliance." *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (Ct. App. 2005) (alteration in original) (internal quotations omitted). Here, the complaint does not allege there was a clear promise from Nationstar to TCA that it would sell TCA the mortgage loan notes. Thus, the district court properly dismissed TCA's promissory estoppel claim for failure to state a claim.

For the foregoing reasons, we **AFFIRM** the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3